FILED'11 APR 21 14:10USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES WIPER INC.,                          Case No. 08-6226-AA
an Oregon corporation,

       Plaintiff,

     v.                                        OPINION AND ORDER

CITY OF EUGENE, an Oregon
municipality,

       Defendant.

---

Rohn M. Roberts
Aaron J. Noteboom
Arnold, Gallagher, Percell, Roberts & Potter, P.C.
800 Willamette Street, Suite 800
Eugene, Oregon 97401-2296
    Attorneys for plaintiff

Jeffery J. Matthews
Peter F. Simons
Harrang Long Gary Rudnick P.C.
360 East Tenth Avenue, Suite 300
Eugene, Oregon 97401-3273
    Attorneys for defendant

AIKEN, Chief Judge:

    Plaintiff, Charles Wiper Inc., filed suit against the City

of Eugene ("the City") alleging violations of its procedural and

1

substantive due process and equal protection rights under 42 U.S.C. § 1983. Plaintiff's claims arise from the City's actions taken in response to a land use claim plaintiff filed pursuant to Measure 37. See former OR. REV. STAT. § 197.352 (2005).

The City now moves for summary judgment pursuant to Fed. R. Civ. P. 56 on all of plaintiff's claims. The City argues that plaintiff has no protected property interest in its Measure 37 claim under the Fourteenth Amendment and that plaintiff's "class of one" equal protection claim fails because plaintiff was treated like other similarly situated Measure 37 claimants. Plaintiff opposes the motion and moves for partial summary judgment on its procedural due process claim. The City's motion for summary judgment is granted and plaintiff's motion for partial summary judgment is denied.

## I. MEASURE 37 AND MEASURE 49

Measure 37 was an initiative measure adopted by Oregon voters in the 2004 general election and codified at former OR. REV. STAT. § 197.352 (2005). Measure 37 created a mechanism by which qualifying landowners could receive "just compensation" from a public entity that enacted and enforced specified types of land use regulations after the landowner purchased the subject property. Id. § 197.352(1); see also Corey v. Dept. of Land Conserv. & Dev. (Corey I), 210 Or. App. 542, 544 (2007). "Just compensation" was the amount by which the property's value

2 - OPINION AND ORDER

diminished as a result of land use regulations enacted and enforced after the property was purchased. Id. § 197.352(2).

Just compensation was due when and if applicable land use regulations were enforced 180 days after the landowner filed a Measure 37 claim. Id. § 197.352(4). Rather than pay just compensation, a public entity could elect to waive the relevant land use regulations within 180 days of the landowner's Measure 37 claim. Id. § 197.352(8). Subsequent to Measure 37's passage, the City amended its code to mirror Measure 37's procedures, including the requirement that the City act on Measure 37 claims within 180 days. Id. § 197.352(7)(2005); EUGENE, OR., CODE 2.090(2)(2004).

On November 6, 2007, Oregon voters passed Measure 49, which significantly amended Measure 37. Or. Laws 2007, ch. 424; see also Corey v. Dept. of Land Conserv. & Dev. (Corey II), 344 Or. 457, 460 (2008). Effective as of December 6, 2007, Measure 49 essentially extinguished the just compensation and land waiver benefits available under Measure 37. Corey II, 344 Or. at 463. Nonetheless, Measure 49 provided that a Measure 37 land use waiver issued before December 6, 2007 remained viable so long as the claimant had a common law vested right in the use allowed by the waiver as of December 6, 2007. Or. Laws 2007, ch. 424, §

3 - OPINION AND ORDER

5(3).[1] Whether a right has vested depends on actual improvements made on the property, among other factors. Friends of Yamhill County, Inc. v. Bd. of Comm'rs of Yamhill County, 237 Or. App. 149, 161 (2010); Corey II, 344 Or. at 466.

Prior to Measure 49's enactment, House Bill (HB) 3546 was

───────────────────

[1] Specifically, Measure 49 allows relief for Measure 37 claimants who filed claims before June 28, 2007 for certain properties and those who possess a vested right in a Measure 37 waiver. Friends of Yamhill County, Inc. v. Bd. of Comm'rs of Yamhill County, 237 Or. App. 149, 152 (2010). Section 5 of Measure 49 provides:

A claimant that filed a claim under [Measure 37] on or before [June 28, 2007] is entitled to just compensation as provided in:

(1) Sections 6 or 7 of this 2007 Act, at the claimant's election, if the property described in the claim is located entirely outside any urban growth boundary and entirely outside the boundaries of any city;
(2) Section 9 of this 2007 Act if the property described in the claim is located, in whole or in part, within an urban growth boundary; or
(3) A waiver issued before the effective date of this 2007 Act [December 6, 2007] to the extent that the claimant's use of the property complies with the waiver and the claimant has a common law vested right on the effective date of this 2007 Act to complete and continue the use described in the waiver.

In other words, Measure 49 permits a Measure 37 claimant who has been granted a land use waiver to complete and continue the particular use permitted by the waiver, to the extent that the claimant has "a common law vested right" as of December 6, 2007. Or. Laws 2007, ch. 424, § 5(3); see also Corey II, 344 Or. at 464. For a full discussion of the factors of a common law vested right in relation to Measure 49, see Friends of Yamhill County, 237 Or. App. at 161, 166-167.

4 - OPINION AND ORDER

introduced to the Oregon legislature in late April of 2007 and was signed into law by the governor on May 10, 2007. House Bill 3546 granted Oregon public entities an additional 360 days to review and act on certain Measure 37 claims before the property owner could file a civil action seeking just compensation. Pursuant to HB 3546, public entities had a total of 540 days to process Measure 37 claims. On July 23, 2007, the City amended its code to afford the City 540 days to review a Measure 37 claim before a suit for just compensation was actionable. EUGENE CODE 2.090(2007); Plf.'s Concise Stmt. of Mat. Facts at ¶ 26.

## II. PLAINTIFF'S MEASURE 37 CLAIM

On December 1, 2006, plaintiff submitted a Measure 37 claim to the City for property known as the Rest Haven Memorial Park. In its claim, plaintiff requested that the City either waive all restrictive land use regulations enacted since plaintiff acquired the property in 1929 or pay just compensation of $3,520,000 for the reduced value of the land resulting from the regulations.

On April 30, 2007, notice for public hearing was issued for plaintiff's Measure 37 claim and two other Measure 37 claims submitted by First Baptist Church and Asghar R. Sadri. The notice scheduled plaintiff's hearing for May 18, 2007 and indicated that the City Manager recommended waiver of land use regulations. However, on May 8, 2007, the City cancelled the public hearings for all three Measure 37 claims. Plf.'s Concise Stmt. of Mat.

5 - OPINION AND ORDER

Facts at ¶ 20. On June 6, 2007, 187 days after plaintiff submitted its Measure 37 claim, plaintiff filed suit against the City. Shortly thereafter, the City amended its code to allow 540 days for review of Measure 37 claims, in accordance with HB 3546.

The Lane County Circuit Court granted plaintiff's alternative writ of mandamus to compel the City to act on the Measure 37 claim or show cause why it was not required to do so. Plf.'s Concise Stmt. of Mat. Facts at ¶¶ 24, 25. The City elected to show cause. On November 30, 2007, the Lane County Circuit Court granted plaintiff's motion for summary judgment in the mandamus action but did not enter final judgment.  Days later, on December 6, 2007, Measure 49 took effect.

On December 26, 2007, the Circuit Court issued a peremptory writ of mandamus, requiring the City to hold a public hearing and adopt a resolution on plaintiff's claim under the provisions of Measure 37 as of May 30, 2007.

In complying with the writ, the City completed a draft Report and Recommendation for consideration by the City Manager pro tem and held a public hearing on January 28, 2008. The City denied plaintiff's Measure 37 claim on February 11, 2008, deciding that plaintiff's conditional use agreement and other land restrictions did not meet the statutory definition of land use regulations under Measure 37. "To the extent that Claimant's claim is based on those provisions of the Eugene Code or other

6 - OPINION AND ORDER

regulations or provisions which did not constitute land use regulations under Measure 37, the claim lacks merit." Def.'s Ex. 1-1, Additional Findings, Attchmt. A, No. 1.

Plaintiff petitioned and was granted writ of review on the basis that the City Council erred in denying its Measure 37 claim on January 28, 2008. The City returned the writ and filed the necessary documents while also submitting a motion to quash the writ. On June 19, 2008, the Circuit Court granted the City's motion to quash the writ of review, determining that plaintiff's Measure 37 claim was mooted by enactment of Measure 49.

On July 22, 2008, plaintiff filed this action to obtain damages of $43,520,000 and costs and disbursements.

Meanwhile, the City appealed the alternative writ of mandamus granted by the Circuit Court. On June 2, 2010, the Oregon Court of Appeals found that plaintiff's Measure 37 claim was rendered moot by Measure 49 as of December 6, 2007.

> It is undisputed that, by the time the general judgment
> was entered in this case, Measure 49 had already gone
> into effect. Although the effect of Measure 49 on
> pending Measure 37 claims was subject to some debate at
> the time the circuit court ruled in this case, that
> debate has since been resolved. ... In light of Corey
> and subsequent case law, it is clear that, at least as
> of December 6, 2007, there was no justiciable
> controversy between Wiper and the city regarding the
> processing of the Measure 37 claim. That is so because,
> regardless of how Wiper's claim was subsequently
> processed after the writ issued- i.e. whether the claim
> was granted or denied by the city- the city's decision
> would have had no viability under current law.

Charles Wiper Inc. v. City of Eugene, 235 Or. App. 382, 386-387

7 - OPINION AND ORDER

(2010) (citations omitted).  See also Corey II, 344 Or. 457.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

8 - OPINION AND ORDER

## IV. DISCUSSION

### A.  DUE PROCESS

Plaintiff asserts that its due process rights were violated
when the City cancelled plaintiff's Measure 37 public hearing
originally scheduled for May 18, 2007. Plaintiff argues that the
City did not afford plaintiff adequate procedural due process
when it failed to hold a public hearing within 180 days of
plaintiff's Measure 37 application, as required by Measure 37 and
the Eugene Code, and did not process plaintiff's application
within a reasonable period of time. EUGENE, OR., CODE
2.090(2)(2004). Plf.'s Mem. in Opp'n., p. 9, n. 9. Further,
plaintiff contends that the City's post-writ hearing was
insufficient to meet constitution muster because it was not at "a
meaningful time and in a meaningful manner," given that any
hearing was moot and meaningless after Measure 49.[2] Plf.'s Mem.
in Opp'n., p. 14; see Sinaloa Lake Owners Assoc. v. City of Simi
Valley, 882 F.2d 1398, 1405 (9th Cir. 1989). Finally, plaintiff
alleges that the City violated its substantive due process rights
because the City's actions were arbitrary and egregious.

The Due Process Clause requires notice and opportunity to be
heard in a meaningful and timely manner. Buckingham v. Sec. of

---

[2] Plaintiff objects to any evidence of acts taken by the
City to process and/or act on plaintiff's Measure 37 claim after
the enactment of Measure 49 on December 6, 2007. Regardless of
plaintiff's objection, plaintiff cannot prevail, whether or not
the court considers evidence after enactment of Measure 49.

the U.S. Dept. of Agric., 603 F.3d 1073, 1082 (9th Cir. 2010).
The threshold requirement to prevail on a substantive or
procedural due process claim is a property or liberty interest
protected by the U.S. Constitution. Wedges/Ledges of Calif. v.
City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994). "Only after
finding the deprivation of a protected interest do we look to see
if the State's procedures comport with due process." American
Mfrs. Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999).

The Supreme Court has explained the source and nature of
constitutionally cognizable property interests:

> Property interests ... are not created by the
> Constitution. Rather they are created and their
> dimensions are defined by existing rules or
> understandings that stem from an independent source
> such as state law-rules or understandings that secure
> certain benefits and that support claims of entitlement
> to those benefits.

Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); see also
Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d
971, 982 (9th Cir. 1998); Sinaloa Lake Owners, 882 F.2d at 1405.
In order to possess a property interest in a benefit, a party
must have more than "an abstract need or desire for it" or "a
unilateral expectation of it." Brewster, 149 F.3d at 982. Rather,
the party must possess "a legitimate claim of entitlement to it."
Id.

The City argues that plaintiff's due process claims fail
because plaintiff had no protectible property interest in its

10 - OPINION AND ORDER

Measure 37 claim, a claim that was never accepted as valid by the
City. Plaintiff responds that its compliance with Measure 37's
requirements rendered the City Council without discretion to
reject plaintiff's claim and created a legitimate claim of
entitlement in its claim, the continued processing of its claim,
and the right to "vest" its Measure 37 claim under Measure 49.
Plf.'s Mem. in Opp'n (doc. 39), p. 7.

Because plaintiff asserts an interest under state law, I
look to Oregon law in determining whether plaintiff has a
protectible property interest. Brewster, 149 F.3d at 982.
Ultimately, I find that plaintiff had no protected property
interest, and even if one could have been created, it would now
be moot and not actionable.

In Corey I, the Oregon Court of Appeals ruled that a Measure
37 claim was considered a protected property interest when the
relevant government entity determined the land regulations in
effect reduced the fair market value of the petitioners' property
and accepted the claim for either compensation or an exception to
the right to compensation under Measure 37. Corey I, 210 Or. App.
at 551 & n.6. In other words, a claimant did not have a property
interest merely in the application for Measure 37 benefits, but
in the acceptance of the claim for benefits. Id. at 551; Emmel v.
Dept. of Land Conserv. & Dev., 213 Or. App. 681, 682 (2007).
Thus, plaintiff's mere application for Measure 37 benefits is

11 - OPINION AND ORDER

insufficient to create a protectible property interest. Corey I,
210 Or. App. at 551; Emmel, 213 Or. App. at 682.

Further, after plaintiff's writ of mandamus required the
City to decide plaintiff's Measure 37 claim, the City determined
that plaintiff did not qualify for Measure 37 benefits. As a
result, plaintiff was not issued a waiver and plaintiff took no
steps to initiate approved land use. Thus, plaintiff's Measure 37
claim was not accepted and never rose to the level of a
protectible property interest.

Plaintiff nonetheless relies on Foss v. Nat'l Marine
Fisheries Serv., 161 F.3d 584 (9th Cir. 1998) in arguing that
Measure 37 was mandatory and created a legitimate claim of
entitlement and expectancy of benefits in claimants who met the
eligibility requirements.[3] Plf.'s Mem. in Opp'n, p. 6. Plaintiff
argues that the City knew, or should have known, that plaintiff
had a valid claim at the time it cancelled the hearing on May 8,
2007 and therefore deprived plaintiff of its property interest
without due process. Plf.'s Mem. in Opp'n. p. 6, n. 6. However,
the federal statute granting a fishing license in Foss was not

---

[3] Measure 37 required that claimants establish that: 1)
claimant was the current owner of the property had owned the
property continuously since acquiring it; 2) at the time claimant
acquired the property it was not subject to land use regulations
reducing the property's fair market value, but it later became
subject to a variety of land use regulations; and 3) those land
use regulations had the effect of reducing the fair market value
of claimant's property. OR. REV. STAT. § 197.352 (2005).

later revoked by a new statute, thereby mooting the original

license application. Foss, 161 F.3d at 584. The assertion that

the City "knew or should have known" of plaintiff's valid claim

does not support an articulable or protectible property interest

when such claim became moot after the passage of new legislation.

Plaintiff also argues that this court should look to Holman

v. City of Warrenton, 242 F. Supp. 2d 791, 796-797 (D. Or. 2002),

for guidance in determining the deprivation of due process

rights. There, Holman had applied and received a conditional use

permit to establish a mini-storage facility in Warrenton. Id. at

796. Holman then applied for a building permit to construct the

facility, only to have it denied, despite the fact that no

material differences existed between the plans Holman originally

submitted to the Planning Commission for the conditional use

permit and the plans submitted to the Building Code Department

for the building permit. Id. The court found that Holman's

conditional use permit constituted a legitimate claim of

entitlement sufficient to establish a constitutionally

protectible property interest to "develop his property in a

manner consistent with the conditional use permit and in the

issuance of a building permit consistent with that conditional

use permit." Id. at 805.

What distinguishes Holman from plaintiff's case is that the

property-owner in Holman had been granted a conditional use

13 - OPINION AND ORDER

permit before city officials denied him a building permit. Id. at
796-797. Without some form of approval, plaintiff's application
for benefits under Measure 37 is not analogous to Holman's
conditional use permit. Thus, plaintiff does not share the same
legitimate claim of entitlement in its Measure 37 claim.

Plaintiff's reliance on Grabhorn, Inc. v. Metropolitan
Service District, 624 F. Supp. 2d 1280, 1284 (D. Or. 2009) is
similarly misplaced. In Grabhorn, the owner and operator of a
solid waste facility had an agreement and specially designated
status to receive dry waste from the metropolitan district. Id.
The existing agreement and status were then terminated when the
district refused a variance necessary to comply with new
mandates. Id. at 1286. The district court relied on Foss in
finding that the Metropolitan Code controlling Grabhorn's
variance was "sufficiently mandatory" to create a
constitutionally protected property interest. Grabhorn, 624 F.
Supp. 2d at 1288. In contrast, plaintiff has no agreement,
status, or approval of its Measure 37 claim that was later
revoked or terminated. And, unlike the regulation at issue in
Grabhorn, Measure 37 has been interpreted by Oregon courts and
their interpretation controls. See Corey I, 210 Or. App. 542,
Emmel, 213 Or. App. 681. Thus, plaintiff had no protectible
property interest in its Measure 37 claim.

Likewise, plaintiff cannot establish that it has a

14 - OPINION AND ORDER

protectible property interest in the continued processing of its
Measure 37 claim and in its right to "vest" its Measure 37 claim.
After Measure 49's passage, the Oregon Supreme Court in <u>Corey II</u>
held that pending Measure 37 claims were moot unless otherwise
protected under Measure 49. <u>Corey II</u>, 344 Or. at 457. "An
examination of the text and context of Measure 49 conveys a clear
intent to extinguish and replace the benefits and procedures that
Measure 37 granted to landowners." <u>Corey II</u>, 344 Or. at 465.
Further, "Measure 49 pertains to <u>all</u> Measure 37 claims,
successful or not, and regardless of where they are in the
Measure 37 process." <u>Corey II</u>, 344 Or. at 465 (emphasis in
original).

    Even if plaintiff had acquired a protectible property
interest through approval of its Measure 37 claim, the passage of
Measure 49 rendered plaintiff's Measure 37 claim moot absent a
vested interest in any use allowed by an approved claim. Or. Laws
2007, Ch. 424, § 5(3); see <u>Corey II</u>, 344 Or. at 466. Although
plaintiff filed an application for benefits, plaintiff had no
approved land use waiver nor had it initiated any approved use of
the land. As such, without a protectible vested rights interest
under Measure 49, plaintiff's Measure 37 claim became moot as of
the effective date of Measure 49, as did its Writ of Mandamus and
Writ of Review. <u>Charles Wiper, Inc. v. City of Eugene</u>, 235 Or.
App. 382 (2010); Def.'s Concise Stmt. of Mat. Facts at ¶ 15; <u>see</u>

15 - OPINION AND ORDER

also Corey II, 344 Or. 457. I cannot find a protectible property
interest under a mooted state statute and in full disregard of
Oregon law. Thus, without an already vested right in its Measure
37 claim, plaintiff has no protectible property interest in
either the continued processing of its Measure 37 claim or the
right to create a vested interest.

Finally, at oral argument, plaintiff argued that the Eugene
Code, which at the time of plaintiff's claim provided 180 days to
process Measure 37 claims, created a protectible property
interest. Plaintiff is mistaken. Corey I articulates when a
Measure 37 claim becomes a protectible property interest, and it
occurs only after approval by the relevant government entity. 210
Or. App. at 551-552. Thus, plaintiff had no protectible property
interest in its Measure 37 claim, the continued processing of its
Measure 37 claim, or the statutory right, under Measure 49, to
"vest" its Measure 37 claim.

Even if plaintiff could assert a protectible property
interest, it fails to show a violation of its due process rights.
I note that after the City failed to process plaintiff's Measure
37 claim within 180 days, plaintiff utilized Oregon's writ of
mandamus process to compel the City to adhere to its procedures
and hold a public hearing. A writ of mandamus is the appropriate
remedy to compel a state agency to follow internal rules and
procedures. Or. Rev. Stat. §§ 34.105-34.240. The Lane County

16 - OPINION AND ORDER

Circuit Court ordered a public hearing and final disposition on plaintiff's Measure 37 claims. Def.'s Ex. 1-6, p. 2. The City held a public hearing on January 28, 2008, and thereafter issued a resolution denying plaintiff's Measure 37 claim. Def.'s Exs. 1-1, 1-6, p. 2.

Though the City acted on its claim, plaintiff argues that the City's hearing was not constitutionally adequate because, after Measure 49, the hearing was too late to be "at a meaningful time and in a meaningful manner." Plf.'s Mem. in Opp'n. p. 14 (quoting <u>Sinaloa Lake Owners Assoc.</u>, 882 F.2d at 1405).[4] However, plaintiff received process and opportunity to be heard that was constitutionally adequate. If Oregon voters had not passed Measure 49, the City's hearing and decision provided the process to which plaintiff insisted it was entitled. Plaintiff cannot now claim it did not receive adequate process simply because Measure 49 essentially nullified its Measure 37 claim. Under these specific circumstances, plaintiff received the process it was due with respect to its Measure 37 claim. Thus, plaintiff's procedural due process claim fails as a matter of law.

As to plaintiff's substantive due process claim, I likewise find no violation even if plaintiff possessed a property interest

_____

[4] At oral argument, plaintiff also asserted that Measure 49 caused the deprivation of its property interest. In light of <u>Corey II</u>, 344 Or. 457, and <u>Emmel</u>, 213 Or. App. 681, plaintiff cannot prevail on this or any theory of deprivation. Regardless, the City did not enact Measure 49.

in its Measure 37 claim. For an alleged deprivation of substantive due process to be actionable, government conduct must amount to an "abuse of power lacking any reasonable justification in the service of a legitimate governmental objective." Shanks v. Dressel, 540 F.3d 1082, 1088 (9th Cir. 2008) (internal quotations omitted). "Only the most egregious official conduct" is "arbitrary in the constitutional sense." Id.

When the City became aware of pending state legislation that would substantially change Measure 37, it cancelled all pending Measure 37 claim hearings. Matthews Decl., Ex. 5, p. 7-8, 16; Klein Decl. ¶¶ 4, 6. The City's actions in cancelling plaintiff's hearing was reasonably justified in light of the then-pending HB 3546 which extended the time for processing Measure 37 claims. The City's decision to postpone public hearings did not rise to "egregious official conduct" in light of legislative maneuvering in the state capital, nor was it "arbitrary in the constitutional sense." Shanks, 540 F.3d at 1088. Thus, plaintiff's substantive due process claim fails.

In sum, plaintiff's substantive and procedural due process claims fail as a matter of law.

B.  EQUAL PROTECTION

Plaintiff argues that the City treated it differently than others similarly situated and there was no rational basis for the different treatment. "Disparate treatment by a governmental

entity is permissible so long as it bears a rational relationship to a legitimate state interest." David Hill Development v. City of Forest Grove, 688 F.Supp.2d 1193, 1216 (citing Patel v. Penman, 103 F.3d 868, 875 (9th Cir. 1996)). However, no rational basis exists for state action that is "malicious, irrational or plainly arbitrary." Id. (quoting Armendariz v. Penman, 75 F.3d 1311, 1326 (9th Cir. 1996) (en banc)).

Plaintiff asserts that because the City approved Measure 37 claims submitted by Lane Plywood, Inc. (LPI) and DMB Green, LLC (DMB Green), the City's cancellation of plaintiff's hearing qualifies as unconstitutional disparate treatment. The City argues that plaintiff's equal protection claim fails because LPI and DMB Green are not similarly situated claimants, and the City not only cancelled plaintiff's Measure 37 claim hearing, but all pending Measure 37 claim hearings for a rational reason. I agree.

LPI applied for Measure 37 benefits on October 19, 2005, and on June 26, 2006, the City approved LPI's Measure 37 claim. Roberts' Decl., Ex. 14, pp. 4, 6. DMB Green's Measure 37 claim was approved on March 14, 2007. Roberts' Decl., Ex. 14, p. 18. These events occurred before HB 3546 took effect on May 10, 2007. Thus, LPI's and DMB Green's Measure 37 claims were submitted, processed, and approved before HB 3546 was submitted to the Legislature, and these entities are therefore not substantially similar to plaintiff.

19 - OPINION AND ORDER

In contrast, First Baptist's, Sadri's, and plaintiff's
Measure 37 claims were pending at the time HB 3546 was
introduced, and all three pending Measure 37 claim hearings were
cancelled on May 8, 2007 in anticipation of HB 3546's proposed
extension. Thus, plaintiff cannot claim it was singled out for
unequal treatment.

Even if the court agreed with plaintiff that the City
utilized HB 3546 to extend the hearing dates for Measure 37
claims until Oregon voters decided Measure 49, the City's
decision is not malicious, irrational, or plainly arbitrary. The
language of HB 3546 makes clear that the Legislature believed
that Measure 37 created a state emergency: "This 2007 Act being
necessary for the immediate preservation of the public peace,
health and safety, an emergency is declared to exist, and this
2007 Act takes effect on its passage." HB 3546, § 3. Thus, HB
3546 provided the statutory authority to give localities more
time to process Measure 37 claims pending the outcome of Measure
49. For the City to take advantage of a statutorily afforded
extension is not malicious, irrational or plainly arbitrary.

Plaintiff counters that the deposition testimony of its own
land use planner and attorney shows the City acted with animus or
ill will in processing plaintiff's Measure 37 claim. Plf.'s Mem.
in Opp'n, p. 22. However, plaintiff submits no evidence, such as
statements or testimony of City officials, to support this

20 - OPINION AND ORDER

asserted fact. Conjecture from plaintiff's hired consultants does not constitute evidence of past animosity or ill will, nor does it create a reasonable inference that the City Council and staff acted maliciously. Rather, the evidence shows that, after the Lane County Circuit Court mandated public hearings and action on plaintiff's Measure 37 claim, the City held such hearings and issued rational reasons for denying the claim.[5] Plaintiff presents no evidence of animus or ill will directed toward plaintiff. Although plaintiff may disagree with the findings in the City's denial of its Measure 37 claim, the City's actions do not implicate the equal protection clause. Plaintiff was treated like other similarly situated Measure 37 claimants when its hearing was cancelled, and the City ultimately provided rational reasons for its denial of Plaintiff's Measure 37 claim.

## V. CONCLUSION

For the reasons explained above, the City's Motion for Summary Judgment (doc. 29) is GRANTED, and plaintiff's Motion for

//

//

//

---

[5] The City found that "not all of the complained of regulations are 'land use regulations' under Measure 37; some are exempt; and some do not meet other requirements of Measure 37." Def.'s Ex. 1-1, p. 7. Namely, the City determined that the conditional use agreement restricting the land was not a land use regulation as provided by Measure 37.

Partial Summary Judgment (doc. 34) is DENIED.

IT IS SO ORDERED.

Dated this ⟨20th⟩ day of April, 2011.


_____
Ann Aiken
United States District Judge

22 - OPINION AND ORDER