IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES WIPER INC., an Oregon corporation,

       Plaintiff,

  v.

CITY OF EUGENE, an Oregon municipality,

       Defendant.

Civ. No. 08-6226-AA
OPINION AND ORDER

AIKEN, Chief Judge:

    On May 10, 2011, judgment was entered in favor of the City of Eugene (the City) after the court granted the City's motion for summary judgment. The City now seeks an award of costs in the amount of $4,790.43. Plaintiff objects to the costs associated with depositions noticed by the City and the amount of costs sought for photocopies.

    Generally, the costs of obtaining depositions and copies of deposition transcripts are allowable if reasonably necessary for summary judgment or trial. 28 U.S.C. 1920(2); <u>Alflex Corp. v.</u>

1   - OPINION AND ORDER

Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990). Here, Charles Wiper, Carol Schirmer, and Bill Kloos were witnesses identified by plaintiff as having knowledge of the facts and whose depositions were reasonable in the City's defense of the case. "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Frederick v. City of Portland, 162 F.R.D. 139, 143 (D. Or. 1995). Accordingly, I allow these costs in the amount of $2,882.35.

Plaintiff next objects to the City's request for $1,908.08 in photocopying costs. As with deposition costs, photocopying costs are recoverable to the extent that the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The City seeks to recover the costs of photocopying documents the City provided to plaintiff and to defense counsel in response to plaintiff's requests for production. With respect to the copies provided to defense counsel, those were presumably made for the convenience of counsel and will not be taxed as costs. Frederick, 162 F.R.D. at 144. With respect to copies provided to plaintiff, the City's Verified Bill of Costs does not indicate what documents were copied or for what purpose, or what documents were necessarily obtained by the City for use in the case. Therefore, I limit

2    - OPINION AND ORDER

photocopying costs to those documents that were identified specifically, in the amount of $109.75. See Def.'s Verified Bill of Costs, Ex. 2 (J Morceaux, Lane County Circuit Court, and State Court Administrator).

## CONCLUSION

The City's Bill of Costs (doc. 64) is GRANTED in part. Costs are awarded in the amount of $2,992.10.

IT IS SO ORDERED.

Dated this 26th day of July, 2011.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge

3   - OPINION AND ORDER